UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:12-cv-80194-MARRA/HOPKINS

NATIONWIDE LIFE INSURANCE COMPANY,

Plaintiff,

vs.

DAVID V. PERRY and NINA GEORGE,

Defendants.
_____/

DAVID V. PERRY,

Cross-claim Plaintiff,

vs.

NINA GEORGE,

Cross-claim Defendant.
_____/

## **OPINION AND ORDER**[1]

This cause is before the Court upon Cross-Claim Defendant Nina George's Motion to Dismiss Amended Cross-Claims (DE 43), filed November 6, 2012. Cross-Claim Plaintiff David V. Perry filed his response to the motion on December 13, 2012 (DE 47). No reply memorandum was filed. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

---

[1] The Court presumes familiarity with its prior Order (DE 41).

I. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

II.  Discussion

On October 11, 2012, the Court issued an order permitting Cross-Claim Plaintiff David V. Perry ("Mr. Perry") to replead his cross-claims. Specifically, the Court examined the facts pled in the claim for tortious interference with expectancy and found that the standard for undue influence was not met. (DE 41 at 8-9.)   The Court has now reviewed the new supporting factual allegations and finds that those allegations, in conjunction with the allegations previously pled, provide an adequate basis to support this claim.[2]   Likewise, the Court has reviewed the new allegations supporting the claim for aiding and abetting breach of fiduciary duty and also finds that Mr. Perry has remedied the previously-identified pleading deficiencies.

Mr. Perry also brings for the first time a claim for unjust enrichment and imposition of a constructive trust.  The elements for a claim for unjust enrichment are "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." Vega v. T–Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)); Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla. Dist. Ct. App. 2006) (same).

---

[2] The Court denies Cross-Claim Defendant Nina George's ("Ms. George") application to reconsider its rejection of Ms. George's argument that tortious interference with expectancy must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  As stated before, tortious interference with expectancy is not a fraud claim, despite the fact that evidence of fraud may be used to prove the claim. The Court rejects Ms. George's comparison of tortious interference with expectancy to civil RICO claims that must be pled with an increased level of specificity. While "[u]nder the law of this Circuit, civil RICO claims must be pled with greater specificity than a typical civil claim, and they must satisfy the requirements of Federal Rule of Civil Procedure 9(b)," the Court finds that this reasoning cannot be extended to tortious interference with expectancy claims.  Morrell v. Lunceford, No. 09–00753–KD–C, 2011 WL 4025725, at * 2 (S.D. Ala. Aug. 18, 2011).

Ms. George contends that because it cannot be alleged that the benefit of the trust was conferred upon Ms. George by Mr. Perry, this claim must be dismissed.

Mr. Perry, however, claims that he is a beneficiary to his grandparents' trust and Ms. George has been unjustly enriched by those assets passing to her. In support, Mr. Perry relies upon Lowry v. Lowry, 463 So. 2d 540 (Fla. Dist. Ct. App. 1985). There, a divorce decree required the divorced father to maintain a life insurance policy with his children as the beneficiaries. Id. at 540-41. The father, however, changed the beneficiary designation to his second wife and the children brought an action against the second wife for the life insurance proceeds. Id. at 541. The court noted that the claim did not fit into any "traditional theories," but there was "substantial equity" in the children's position. Id. Finding that the theory of unjust enrichment applied, the court stated that the children were third party beneficiaries of the stipulation and the fact that the insurance proceeds were paid to the second wife is insignificant because she was not a bona fide purchaser for value. Id. at 741-42.

Here, Mr. Perry is allegedly a beneficiary of the Perry trust, whose assets (i.e., the annuity) were to have passed to the Credit Shelter Trust, of which Mr. Perry is the sole beneficiary. (Cross-claim ¶¶ 43, 46-47, 72, 80, 84, 86; see also DE 41 n.7.) Instead, according the allegations, those assets passed to Ms. George, who was not a bona fide purchaser for value and for whom equity demands that she not remain enriched. (Id. at ¶¶ 48, 51, 69.) Hence, the Court finds that Mr. Perry has stated a claim for unjust enrichment. With respect to Ms. George's claim that a constructive trust is not an appropriate remedy for this claim, the Court concludes that the best course of action is defer a ruling on the type of relief Mr. Perry may obtain until trial.

III. Conclusion

Accordingly, for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that Cross-Claim Defendant Nina George's Motion to Dismiss Amended Cross-Claims (DE 43) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of January, 2013.

_____
KENNETH A. MARRA
United States District Judge